(May 9, 1914.)

AUGUST FOX, Respondent, v. SPOKANE INTERNATIONAL RAILWAY COMPANY, Appellant.

[140 Pac. 1103.]

SPECIFIC PERFORMANCE—PART CONSIDERATION FOR RAILROAD RIGHT OF WAY—CONSTRUCTION OF CROSSING.

1. Where a railroad company purchased a right of way across the lands of F. and paid certain cash consideration and entered into an agreement to construct a crossing over its right of way and track for the convenience, use and benefit of F., and for such consideration and upon the execution of such a contract F. conveyed to the railroad company such right of way, and the company constructed its road thereon, it will not be sufficient excuse to constitute a defense to an action for specific performance of the contract that the roads by and over F.'s land have been changed and that the railroad track at the place where the crossing was to be constructed runs through a deep cut instead of on the surface, and that it will be necessary to build an overhead crossing instead of a grade crossing, and that the expense of constructing and maintaining the same will be heavier than was anticipated by the company at the time the contract was made.

2. Where the knowledge or means of knowledge of the future condition or changes that may take place are peculiarly within the

possession of the railroad company which is about to construct a railroad and has agreed to maintain a crossing over its right of way and track, and it enters into a contract to maintain a crossing, it will not thereafter be heard to complain on the ground that the contract was unfair and became more onerous than was anticipated at the time the contract was entered into by reason of the track having to be laid through a cut instead of on the surface of the ground, and that other conditions have changed since the contract was entered into.

3. Facts of this case examined and considered and *held* that it is a proper case for the specific performance of the contract and that no just defense is presented which would excuse or relieve the company from specific performance.

APPEAL from the District Court of the Eighth Judicial District for Bonner County.   Hon. John M. Flynn, Judge.

Action for specific performance.   Judgment for plaintiff. Defendant appealed.   *Affirmed.*

Allen & Allen and H. H. Taylor, for Appellant.

The changed conditions existing now to what they existed at the time the contract was made has made it very inequitable and unjust to compel a specific performance of the contract. (Pomeroy on Contracts (Specific Performance), sec. 185, and authorities cited.)

G. H. Martin, for Respondent.

The rule for the specific enforcement of a contract for the construction and maintenance of an improvement has most often been applied to railroad companies which acquire the right of way from the land owner on the faith of its contract to construct for the convenience of the owner a passage beneath or over its track; to fence its right of way; to construct a station; to put in a sidetrack for owner's convenience; to bridge its tracks or to build a road, or wharf, or a drain. (36 Cyc. 584; *Baltimore etc. R. Co. v. Brubaker,* 217 Ill. 462, 75 N. E. 523; *Owens v. Carthage etc. Ry. Co.,* 110 Mo. App. 320, 85 S. W. 987; *Gloe v. Chicago etc. R. Co.,* 65 Neb. 680, 91 N. W. 547; *Johnson v. Ohio River R. Co.,* 61 W. Va. 141,

56 S. E. 200; *Post v. West Shore R. Co.,* 123 N. Y. 580, 26 N. E. 7; *Cincinnati etc. R. R. v. Wall,* 48 Ind. App. 605, 96 N. E. 389; *Taylor v. Florida East Coast R. Co.,* 54 Fla. 635, 127 Am. St. 155, 45 So. 574, 14 Ann. Cas. 472, 16 L. R. A., N. S., 307.)

The defense of hardship and expense in maintaining farm crossings does not avail the company when such crossings are necessary for the convenient use of the plaintiff's farm. (*Baltimore etc. R. Co. v. Brubaker, supra.*)

We have no statutory provision in Idaho for the construction by railway companies of a private crossing. The case of *Lane v. Pacific & I. N. Ry. Co.,* 8 Ida. 230, 67 Pac. 656, is decisive of the case at bar.

AILSHIE, C. J.—This action was brought to compel the appellant railway company to construct an open crossing over its track where it runs through the respondent's land, and to recover damages for the failure and neglect so to do. It is alleged and admitted that on or about the 8th of November, 1905, respondent and appellant entered into an agreement, by the terms of which respondent agreed to convey to the railway company a strip of land one hundred feet wide, being fifty feet on each side of the center line of its railroad track, across the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ and the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of sec. 32, and thereafter the railway company constructed its road across this land. The company agreed to pay the respondent $125 in cash, and to construct and maintain an open crossing over its right of way and track near by the respondent's residence. The right of way granted runs through respondent's land, dividing it into two tracts, one on each side of the railroad track. Pursuant to this agreement the respondent executed and delivered to appellant a deed for the right of way across the land, and appellant paid therefor $125, and at the same time executed and delivered to respondent a written agreement for the construction of the crossing, which agreement is as follows:

"Laclede, Idaho, Nov. 8, 1905.

"Pursuant to a deed executed this date for a right of way granted by August Fox to the Spokane International Railway Company across NW. ¼ of NE. ¼ and SE. ¼ NW. ¼, Sec. 32, Twp. 56 N., R. 3 W., Boise Meridian, the said railway agrees to construct and maintain an open crossing across said right of way on the road used by said Fox leading east from his residence.

"(Signed)   SPOKANE   INTERNATIONAL   RAIL-
,WAY COMPANY,

"By ARTHUR J. SHAW,

"Right of Way Agent."

After the road was constructed the matter ran along from time to time without any crossing being made, and in the meanwhile it appears that some change was made in the public road or thoroughfare across and by respondent's land. In the summer of 1912 the railroad company fenced its right of way without making provision for the construction of the crossing as provided for in its agreement. Thereafter, on the 5th day of August, 1912, respondent, through his attorney, made written demand upon appellant for the construction of the crossing, and thereafter, on the 6th day of August, 1912, the president of the appellant company, D. C. Corbin, wrote to the attorney for respondent in reply to the demand for the construction of the crossing as follows:

"Spokane International Railway Co.

"Spokane, Washington, August 6, 1912.

"Mr. G. H. Martin, Attorney, Sandpoint, Idaho.

"Dear Sir—I have your letter of the 5th inst.   You may inform your client that we will comply with our agreement with him very shortly.

"Yours truly,

"(Signed)   D. C. CORBIN, President."

The controversy arose over the fact that the railroad company had made a deep cut through respondent's land in the place where it was agreed this crossing should be maintained,

and it became impracticable to construct and maintain a grade crossing, but, on the contrary, would be necessary to construct and maintain an overhead crossing in the event any crossing is maintained there at all.

The chief contention made by appellant is that to construct and maintain an overhead crossing over appellant's road will be a continuing and perpetual expense and charge on the railroad company, and that the failure to construct such crossing can be adequately compensated in damages and that under such circumstances specific performance should not be ordered. In justification and support of this contention appellant quotes at length from Pomeroy on Contracts, at sec. 185, where the author discusses the subject of specific performance as follows:

"Not only must the agreement be fair and reasonable in its terms and its surrounding circumstances, it is also a well-settled doctrine that its specific execution must not be oppressive—that is, the performance must not be a great hardship to the parties. This rule includes the one treated of in the last section—since every unfair contract is essentially unconscionable and hard—but it is more extensive— since the oppressive nature of the performance may result from the situation or relations of the parties exterior to and unconnected with the terms of the contract itself or the circumstances of its conclusion. The oppression and hardship, therefore, which fall within the scope of the doctrine may result from the unequal, unconscionable provisions of the contract itself, or from external facts, events or circumstances which control or affect the situation and relations of the defendant with respect to the performance."

In our opinion, the present case is not one presenting such facts as will bring it within the rule which Mr. Pomeroy suggests. Here the contract was fairly made and the facts were equally known to both parties. The promise to construct and maintain the crossing was part of the consideration for the right of way, and while its maintenance will be a continuing and permanent charge on the railroad company, that was necessarily included in the terms of the contract and must

have been foreseen and contemplated at the time of the execution of the contract.  While it may not have been anticipated that a grade crossing could not be maintained, that knowledge was peculiar to the railroad company and not to the land owner, and respondent cannot be charged with such knowledge or with in any way overreaching appellant in securing a contract for a more expensive crossing than it could foresee or anticipate.  The company had charge of establishing its grades and in so laying its road as to make a cut at the place where this crossing was to be built and maintained.  On the other hand, if the court should refuse to decree a specific performance of this contract, it would result in perpetually lessening the value of respondent's land and impairing its use to the owner, and if he should want to sell it to someone else, he would not be able to realize as much from such sale without this crossing as he would be able to get with it.

This case seems to fall within the rule adopted in *Lane v. Pacific & I. N. Ry. Co.,* 8 Ida. 230, 67 Pac. 656, and the discussion contained in the opinion of that case is well applicable here.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, J., concurs.